## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005 | ) ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Case No. 20-1296 |
| CENTERS FOR DISEASE CONTROL<br>AND PREVENTION,<br>1600 Clifton Road<br>Atlanta, GA 30329 | ) ) ) ) ) | |
| *and* | ) ) | |
| U.S. DEPARTMENT OF HEALTH<br>AND HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201 | ) ) ) ) ) | |
| *Defendant.* | ) ) | |

## COMPLAINT

1.      Plaintiff American Oversight brings this action against the Centers for Disease Control and Prevention and its parent agency, the U.S. Department of Health and Human Services, under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1391(e).

4.      Because Defendants have failed to comply with the applicable time-limit

provisions of the FOIA and departmental regulations, American Oversight is deemed to have

exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled

to judicial action enjoining the agency from continuing to withhold agency records and ordering

the production of agency records improperly withheld.

**PARTIES**

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3)

organization primarily engaged in disseminating information to the public. American Oversight

is committed to the promotion of transparency in government, the education of the public about

government activities, and ensuring the accountability of government officials. Through research

and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to

educate the public about the activities and operations of the federal government through reports,

published analyses, press releases, and other media. The organization is incorporated under the

laws of the District of Columbia.

6.      Defendant U.S. Department of Health and Human Services (HHS) is a department

of the executive branch of the U.S. government headquartered in Washington, DC, and an

agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS has

possession, custody, and control of records that American Oversight seeks.

7.      Defendant Centers for Disease Control and Prevention (CDC) is a component of

HHS and is headquartered in Atlanta, GA. CDC has possession, custody, and control of records

that American Oversight seeks.

## STATUTORY AND REGULATORY BACKGROUND

8.      The FOIA requires each agency, "upon any request for records which . . . reasonably describes such records," to "make the records promptly available to any person," 5 U.S.C. § 552(a)(3)(A), unless the records fall within one of nine statutory exemptions, *id.* at § 552(b)(1)–(9).

9.      The FOIA further specifies that agencies have twenty working days, commencing on the date the request is received, to make a determination of whether to comply with such request and notify the requester of its determination. *See* 5 U.S.C.§ 552(a)(6)(A).

10.      Under the FOIA, this twenty-working-day period "shall not be tolled by the agency except" under limited, enumerated circumstances, including in relevant part to allow the agency to "make *one request* to the requester for information and toll the 20-day period while it is awaiting such information that it has *reasonably requested* from the requester." 5 U.S.C.§ 552(a)(6)(A)(ii)(I) (emphases added).

11.      HHS regulations (which apply to both HHS and its components, including CDC) direct FOIA requesters to "[p]rovide a written description of the records you seek in sufficient detail to enable our staff to locate them with a reasonable amount of effort." 45 C.F.R.§ 5.22(a).

12.      HHS regulations go on to state that "[t]he more information you provide, the better possibility we have of finding the records you are seeking. Information that will *help* us find the records would include: (1) [t]he agencies, offices, or individuals involved; (2) [t]he approximate date(s) when the records were created; (3) [t]he subject, title, or description of the

records sought; and (4) [a]uthor, recipient, case number, file designation, or other reference number, if available." *Id.* (emphasis added).

13.     According to HHS regulations, "[a] request is considered to be perfected (i.e., the 20 working day statutory response time begins to run)," 45 C.F.R. § 5.24(b)(1), when, among other things, "[t]he requested records are reasonably described." *Id.* at § 5.24(b)(1)(i). If a request does not "reasonably describe the records sought," the agency "will attempt to contact you" and "provide at least 20 working days for you to respond to a request to perfect your request, after notification." *Id*. at § 5.24(b)(2). If the notification is not answered, the agency "reserve[s] the right to administratively close the FOIA request." *Id.*

14.     Thus, under HHS regulations, the 20-working-day clock purportedly does not even begin to run until a request has been perfected (i.e., reasonably described), regardless of how much time passes before the agency sends a letter asking the requester to perfect its request—effectively tolling the agency's response time from the day the request is submitted.

15.     In this respect, HHS regulations at 45 C.F.R. § 5.24(b)(1) conflicts with FOIA's directive under 5 U.S.C.§ 552(a)(6)(A)(ii)(I), described in paragraph 10, *supra*, which does not allow the agency to toll the 20-working-day period unless and until the agency has made its request for more information to the requester.

16.     In addition to the provision at 45 C.F.R. § 5.24(b)(1), HHS regulations further state that:

> We may stop the processing of your request one time if we require additional information regarding the specifics of the request. The processing time resumes upon our receipt of your response. . . . We will provide at least 20 working days after notification for you to respond to a request for additional information or clarification regarding the specifics of your request . . . . Should you not answer

any correspondence, or should the correspondence be returned as undeliverable, we may administratively close the FOIA request.

*Id.* § 5.24(c).

17.    Taking these provisions together, HHS regulations therefore could be read to provide for an indefinite delay in the processing of FOIA requests after they are submitted pending a determination by the agency of whether they are reasonably described, and also effectively for two, rather than one, tolling periods of the processing of the FOIA request to seek additional information from the requester.

18.    Each of these two positions is inconsistent with the FOIA.

## AMERICAN OVERSIGHT'S FOIA REQUESTS

19.    American Oversight has submitted several FOIA requests to CDC, many but not all related to the ongoing coronavirus pandemic.

20.    American Oversight's requests, past and present, have been routinely mishandled by CDC, resulting in unnecessary and inappropriate delays in processing.

21.    CDC systematically has refused to process reasonably described requests—calling them overly broad or a substantially similar variation thereof—based on apparent assumptions about the volume of responsive records, rather than any assessment of CDC staff's ability to identify responsive records.

22.    Before processing these reasonably described requests, CDC insists that requesters narrow requests, including by adding a subject matter limitation, presumably to reduce the volume of responsive records the agency needs to process, even though the requests describe the records sought with sufficient detail that an agency employee familiar with the area could locate the records with a reasonable amount of effort.

23.     CDC's approach conflicts with case law stating that agencies cannot reject requests based solely on volume,[1] and the FOIA's requirement that any inquiries to FOIA requesters that toll the 20-working-day period must be "reasonabl[e]," 5 U.S.C.§ 552(a)(6)(A)(ii)(I).

24.     CDC's approach also conflicts with FOIA and case law stating that a request does not have to include a subject matter limitation to be reasonably described.[2]

25.     Whether by accident or design, this policy, pattern, or practice has had the effect of substantially delaying processing of American Oversight's requests.

26.     On information and belief, this policy, pattern, or practice has also had the effect of substantially delaying processing of, and even closing, FOIA requests made by other members of the public as well.

---

[1] *See Truitt v. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990) ("[a] 'description' of a requested document would be sufficient if it enabled a professional employee of the agency who was familiar with the subject area of the request to *locate the record* with a reasonable amount of effort") (emphasis added) (citation omitted); *Tereshchuk v. Bureau of Prisons*, 67 F. Supp. 3d 441, 454–55 (D.D.C. 2014) (noting the court's skepticism "that a FOIA request may be denied based on sheer volume of records requested," and that "[t]his Circuit has similarly noted that the number of records requested appears to be irrelevant"); *id.* at 455 (citing cases); *Yeager v. Drug Enforcement Agency*, 678 F.2d 315, 322, 326 (D.C. Cir. 1982) (although plaintiff's FOIA request sought "the substantive content of [an entire computer system]—over one million records," the court held that because "the DEA knew 'precisely' which of its records had been requested and the nature of the information sought from those records . . . the requested records were reasonably described in accordance with [the FOIA]").

[2] *See, e.g.*, *Muckrock, LLC v. CIA*, 300 F. Supp. 3d 108, 136 (D.D.C. 2018) (rejecting CIA's unlawful policy of denying FOIA requests that did not specify sender, recipient, timeframe, and subject matter); *cf. Am. Oversight v. Office of Mgmt. & Budget*, 2020 WL 1536186, at *5 (D.D.C. Mar. 31, 2020) (rejecting an agency's search as "inadequate because it imposed a subject matter limitation that was not present in either part of American Oversight's second request").

27.     These delays are particularly problematic now, when, in the face of a pandemic that has killed more than 85,000 U.S. residents,[3] the CDC, our nation's leading public health agency, has "largely disappeared" from public view.[4]

28.     In the following paragraphs, American Oversight identifies six FOIA requests for which it seeks the release of records through this action (referred to hereinafter as the "Subject FOIA Requests"). American Oversight then describes CDC's response to a number of other FOIA requests American Oversight has submitted that further demonstrate CDC's unlawful policy, pattern, or practice of rejecting reasonably described requests as overly broad.

### The Subject FOIA Requests

*White House Communications Directives Request*

29.     On March 2, 2020, American Oversight submitted a FOIA request to CDC, among other agencies, bearing the internal tracking number MULTI-20-0397-0406. This request seeks:

> All final directives, orders, decision memoranda, or guidance from President Trump, Vice President Pence, or any staff of the Executive Office of the President (including anyone on White House Staff, in the Office of the Vice President, or on the staff of the National Security Council) regarding public statements, public appearances, website updates or changes, or communications or press strategy on the coronavirus, COVID-19.

30.     This "White House Communications Directives Request" asks for all responsive records from January 30, 2020, through the date of the search.

---

[3] *Coronavirus in the U.S.: Latest Map and Case Count*, N.Y. Times (May 15, 2020), https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html.
[4] Ashish K. Jha, *We Need the Real CDC Back, and We Need It Now*, Stat (Apr. 29, 2020), https://www.statnews.com/2020/04/29/we-need-the-real-cdc-back-and-we-need-it-now/.

31.     American Oversight stated in this request that it believes that, "[a]t a minimum, a search for responsive records should include a search of the files of the head office, as well as any press or communications office(s), for your agency."

32.     American Oversight also asked that this request be "assigned to a Simple processing track" since it was "limited to final directives, orders, decision memoranda, or guidance from a recent, short period of time concerning a narrow range of high-profile subject matters."

33.     By letter dated March 5, 2020, CDC acknowledged receipt of the White House Communications Directives Request and assigned it tracking number 20-00781-FOIA. This letter also stated that CDC had placed American Oversight's request in the complex processing track, and that CDC would require the additional ten days provided by statute to respond.

34.     By letter dated March 16, 2020, CDC informed American Oversight that it had referred the White House Communications Directives Request to HHS, because the information American Oversight requested "falls under [HHS] jurisdiction."

35.     Through this FOIA request, American Oversight seeks any responsive records in the possession of CDC and maintains that CDC is the appropriate agency to process this request.[5]

36.     As of the date of this Complaint, American Oversight has not received any further communication from CDC or HHS regarding the White House Communications Directives Request sent to CDC.

---

[5] Recognizing that several agencies may have received communications directives from the White House, American Oversight submitted this request to agencies other than CDC, including HHS. HHS assigned American Oversight's request for records *in the possession of HHS* the tracking number 2020-00754-FOIA-OS, and it is currently the subject of a separate lawsuit, *American Oversight v. U.S. Department of Health and Human Services*, 1:20-cv-01063 (D.D.C. Apr. 23, 2020). American Oversight is seeking to relate this case to its prior lawsuit given HHS's current role in processing both its and CDC's records relating to this request.

*Agency Communications Directives Request*

37.    On March 3, 2020, American Oversight submitted a FOIA request to CDC,

among other agencies, bearing the internal tracking number MULTI-20-0410-0415. This request

seeks:

> All final directives, orders, decision memoranda, or guidance
> provided by HHS leadership—both by the Office of the Secretary
> and the head offices of HHS components, including the Centers for
> Disease Control and Prevention (CDC), the National Institute of
> Health (NIH), the National Institute of Allergy and Infectious
> Diseases (NIAID), or the Food and Drug Administration (FDA)—
> regarding public statements, public appearances, website changes or
> updates, or communications or press strategy on the coronavirus,
> COVID-19. This request includes but is not limited to any final
> directives, orders, decision memoranda, or guidance originating
> within HHS or components that were sent to other agencies on this
> topic.

38.    This "Agency Communications Directives Request" asks for all responsive

records from January 30, 2020, through the date of the search.

39.    American Oversight stated in this request that it believes that, "[a]t a minimum, a

search for responsive records should include a search of the files of your agencies' head office,

office of public affairs, and anyone serving as an agency point of contact for the coronavirus task

force."

40.    American Oversight also asked that this request be "assigned to a Simple

processing track" since it was "limited to final directives, orders, decision memoranda, or

guidance from a recent, short period of time concerning a narrow range of high-profile subject

matters."

41.    By letter dated March 6, 2020, CDC acknowledged receipt of the Agency

Communications Directives Request and assigned it tracking number 20-00789-FOIA. This

letter also stated that CDC had placed American Oversight's request in the complex processing track, and that CDC would require the additional ten days provided by statute to respond.

42.     By letter dated March 25, 2020, CDC stated that "[a] search of our records failed to reveal any documents pertaining to your request. Program staff in the Office of the Associate Director for Communication confirmed to our office on March 10, 2020, that no final press and communications strategy had been issued." This letter further provided that American Oversight could appeal if it was not satisfied with the response.

43.     By email sent April 9, 2020, American Oversight expressed concern to the CDC that "only a narrow portion of the records [it] requested were included in the search." American Oversight explained that its "request is not limited to final press and communications strategy documents, [to] which the search appears to have been limited[.]" American Oversight asked that the agency re-open the request to complete an adequate search for responsive records. American Oversight also stated that if it had not heard back from CDC by April 15, 2020, it would assume that the agency was not re-opening the request and it would file an administrative appeal.

44.     Having not received a response from CDC, American Oversight filed an appeal challenging the adequacy of CDC's search on April 16, 2020.

45.     By letter dated April 17, 2020, HHS, which processes appeals on behalf of CDC, acknowledged receipt of American Oversight's appeal, and assigned it case number 2020-00144-A-PHS. HHS's acknowledgment letter further stated that American Oversight's appeal "falls under 'unusual circumstances,'" citing 45 C.F.R. § 5.35(c), and that it would "utilize a 10 working day extension to process your request."

46.     However, the C.F.R. provision cited by HHS does not currently exist, having been deleted from HHS regulations in November 2016. *See generally* Freedom of Information Regulations, 81 Fed. Reg. 74,930 (Oct. 28, 2016) (amending 45 C.F.R. Part 5).

47.     HHS's current regulations do not allow the agency to take a ten-working-day extension for determining appeals. *See* 45 C.F.R. § 5.24(f) (allowing for extensions for unusual circumstances when "processing a request"); *id.* at § 5.63(a) ("We respond to your appeal within 20 working days after the appeal official designated in your appeal letter receives it.").

48.     As of the date of this Complaint, American Oversight has not received any further communication from CDC or HHS regarding its Agency Communications Directives Request, or its related appeal.

*Testing Directives Request*

49.     On March 5, 2020, American Oversight submitted a FOIA request to CDC, among other agencies, bearing the internal tracking number MULTI-20-0522-0526. This request seeks "[a]ll final directives, orders, decision memoranda, or guidance regarding testing for severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2), the virus that causes COVID-19."

50.     This "Testing Directives Request" further specifies that it:

> encompasses any directives, orders, memoranda, or guidance regarding:
> - decisions regarding whether to use the World Health Organization's test;
> - decisions regarding whether to share data on the status and use of test kits nationwide;
> - decisions regarding the criteria for who qualifies for testing; and
> - decisions regarding where and when to send testing kits to healthcare providers.

51.     The Testing Directives Request seeks all responsive records from January 20, 2020, through the date of the search.

52.     American Oversight stated in this request that it believes that each recipient "agency is best positioned to determine where responsive records reside," but specified agency custodians whom, at a minimum, should be included in a search. The CDC custodians listed were Director Robert Redfield, Principal Deputy Director Anne Schuchat, Director for the National Center for Immunization and Respiratory Diseases Nancy Messonier, and Deputy Director for Infectious Diseases Jay C. Butler.

53.     American Oversight sought expedited processing of the Testing Directives Request, citing, among other things, the urgent need to inform the public about federal decision-making regarding the rollout of testing for the coronavirus, in combination with the fact that American Oversight is primarily engaged in disseminating the information it receives from public records requests to the public.

54.     By letter dated March 6, 2020, CDC acknowledged receipt of the Testing Directives Request and assigned it tracking number 20-00812-FOIA. This letter also stated that CDC had placed American Oversight's request in the complex processing track, and that CDC would require the additional ten days provided by statute to respond. The letter also granted American Oversight's request for expedited processing.

55.     By letter dated and sent via email on March 20, 2020, CDC notified American Oversight that its "request is vague" and sought clarification.[6] CDC explained that:

> Due to the extent of CDC's response to the COVID-19 pandemic, involved agency personnel generate large volumes of records every day about the virus. In order to get you the particular information that meets your needs in the most timely manner possible, we ask that you be as specific as possible about the records/information you seek, rather than asking for broad categories of records containing

---

[6] The title of the Microsoft Word file of the letter CDC sent American Oversight called the request "Too Vague," though that phrase does not appear in the letter itself.

only the name/nickname of the virus. Searches using only those terms cannot be performed with reasonable effort.

To assist the agency to conduct a reasonable search, please provide our office with the specific and narrow subject of your request. Types of information to include when filing your request include: names and email addresses of persons outside the agency in whose correspondence you are interested; the precise information you are seeking; the title of the document(s) you are seeking; types of records you are NOT seeking and that can be excluded (news clippings, etc); and/or specific and narrow search terms or phrases. (Please note that using the name of an illness or health condition by itself is not a specific enough subject or keyword. In particular, the terms "COVID-19," "coronavirus," and other terms for the current pandemic have become ubiquitous and are not unique enough to allow for a search with reasonable effort.)

56.    With this letter, CDC placed the Testing Directives Request on hold, and

informed American Oversight that it would consider the request withdrawn and close the request

if it did not receive a response by April 17, 2020.

57.    By email sent March 27, 2020, American Oversight responded that it "seek[s] any

formal, final directives, orders, or decision memoranda issued by the four officials identified

(Director Redfield, Principal Deputy Director Schuchat, Director Messonier, and Deputy

Director Butler) regarding testing for severe acute respiratory syndrome coronavirus 2 (SARS-

CoV-2), the virus that causes COVID-19," as opposed to "informal orders, such as an email from

a supervisor [] telling an employee to do something, or any non-final documents." American

Oversight reiterated from its request that "this includes any formal directives, orders, or decision

memoranda regarding the specific topics identified in our request."

58.    American Oversight also stated in this email that it "believe[s] these records can

reasonably be found by inquiries to the offices of the four officials identified," and that it

"frequently submits and receives responses to requests for final directives issued by senior

agency officials without greater specificity than what we have provided here."

59.     By letter dated April 20, 2020, CDC informed American Oversight that it had administratively closed American Oversight's request because "[t]he agency has not received additional information requested from you in our letter dated March 20, 2020," and "[y]ou have failed to reasonably describe your request to assist the agency in conducting a reasonable and adequate search for records."

60.     By email sent April 21, 2020, American Oversight inquired as to CDC's closure of the request, and included a copy of the email it had sent on March 27, 2020, responding to CDC's "too vague" letter. American Oversight also reiterated its position that the request is reasonably described under the FOIA. American Oversight informed CDC that it would file an appeal of the closure if it did not receive a response by close-of-business April 23, 2020.

61.     By email sent April 22, 2020, CDC informed American Oversight that "[d]ue to an administrative oversight, your response of March 27 was not associated with your request. We thank you for your email of April 21, providing a copy of your earlier response to our letter. Apologies for any inconvenience this may have caused."

62.     By letter attached thereto, CDC formally acknowledged receipt of American Oversight's March 27, 2020 email, and restated that the request was assigned tracking number 20-00812-FOIA.

63.     On information and belief, this letter indicates that CDC had re-opened American Oversight's Testing Directives Request.

64.     As of the date of this Complaint, American Oversight has not received any further communication from CDC regarding its Testing Directives Request.

*Coronavirus Task Force Request*

65.     On March 5, 2020, American Oversight submitted a FOIA request to CDC bearing the internal tracking number HHS-CDC-20-0495. This request seeks all email communications between specified agency officials and specified officials in the Executive Office of the President (EOP), from January 30, 2020, through the date of the search.

66.     The specified CDC agency officials are Director Robert Redfield; Principal Deputy Director Anne Schuchat; Director for the National Center for Immunization and Respiratory Diseases Nancy Messonier; Deputy Director for Infectious Diseases Jay C. Butler; and anyone serving as White House Liaison or agency point of contact for the coronavirus task force.

67.     The EOP officials specified in this request, all of whom reportedly serve on or provide support to the White House coronavirus task force, are Vice President Mike Pence; National Security Advisor Robert O'Brien; Assistant to the President and Deputy National Security Advisor Matthew Pottinger; Assistant to the President and Senior Advisor to the Chief of Staff Robert Blair; Assistant to the President and Director of the Domestic Policy Council Joseph Grogan; Assistant to the President and Deputy Chief of Staff for Policy Coordination Christopher Liddell; Director of the National Economic Council Larry Kudlow; White House Coronavirus Response Coordinator Deborah Birx; Press Secretary Katie Miller (formerly Katie Waldman); and Director of the White House Office of Science and Technology Policy Kelvin Droegmeier.

68.     By an undated letter American Oversight received on March 6, 2020, CDC acknowledged receipt of the Coronavirus Task Force Request and assigned it tracking number 20-00804-FOIA. This letter also stated that CDC had placed American Oversight's request in the

complex processing track, and that CDC would require the additional ten days provided by statute to respond.

69.     By letter dated and sent via email on March 10, 2020, CDC notified American Oversight that its "request is overly broad" and sought clarification. CDC explained that:

> You request targets numerous positions and people external to the CDC but fails to: 1) provide a topic(s), and; 2) provide email domains for any white house staff and, thus, does not enable a reasonable search.
>
> To assist the agency to conduct a reasonable search, please provide our office with additional information, such as: email domains; a request for a record by its title; particular event; recommended search terms; a subject matter; and/or, the precise document you seek.

70.     With this letter, CDC placed the Coronavirus Task Force Request on hold, and informed American Oversight that it would consider the request withdrawn and close the request if it did not receive a response by April 7, 2020.

71.     By email sent March 11, 2020, American Oversight responded that it "does not agree that a request for all email communications between named officials in a limited time span is overly broad." To assist the agency in processing the request, however, American Oversight identified four email domains that the agency should search for to identify responsive records (@ovp.eop.gov; @who.eop.gov; @nsc.eop.gov; @ostp.eop.gov).

72.     By email sent March 12, 2020, CDC stated that "[t]he request is still too broad as American Oversight has not provided a topic or topics."

73.     By email sent that same day, American Oversight disagreed with CDC's characterization of the request, explaining that case law interpreting and applying the FOIA does not require a subject matter limitation and that "[w]ith a date range and specific senders and recipients identified, the agency has all that it needs to identify the responsive records, as the

request encompasses *all email communications* between these parties in the time frame

provided." While reminding the agency that volume is not a basis for determining that a request

is not reasonably described, American Oversight offered that, "[t]o the extent this request

produces a large volume of responses, American Oversight is happy to engage in a discussion

regarding prioritization and, potentially, narrowing of the request."

74.     Having not received a response after a week, American Oversight emailed the

agency on March 19, 2020, to inquire as to the status of the request.

75.     On that same day, CDC confirmed via email and letter that it was processing the

request.

76.     By letter dated April 21, 2020, CDC informed American Oversight that it had

located 338 pages of responsive records, but that "[t]he records belong to the U.S. Department of

Health and Human Services (HHS) (334) pages, and the U.S. Department of State (DOS)

(4 pages)." Accordingly, CDC had "referred these respective records along with your request to

HHS and DOS for their release determination and direct reply to you."

77.     By letter dated April 27, 2020, HHS stated that it had received the referred request

and records on April 23, 2020, and assigned the records tracking number 2020-01049-FOIA-OS.

78.     On information and belief, at least some records responsive to American

Oversight's requests originated within CDC, and therefore CDC, not HHS, is the appropriate

agency to make a final determination as to the release of these records.[7]

---

[7] Recognizing that several agencies' officials were likely in communication with members of the
White House coronavirus task force, American Oversight submitted this request to agencies
other than CDC, including HHS. HHS assigned American Oversight's request for records of
*HHS officials' communications* the tracking number 2020-00634-FOIA-OS, and it is currently
the subject of a separate lawsuit, *American Oversight v. U.S. Department of Health and Human
Services*, 1:20-cv-01063 (D.D.C. Apr. 23, 2020). American Oversight is seeking to relate this

79.     As of the date of this Complaint, American Oversight has not received any further

communication from CDC or HHS regarding its Coronavirus Task Force Request.

*Coronavirus Sent Key Terms Request*

80.     On March 17, 2020, American Oversight submitted a FOIA request to CDC

bearing the internal tracking number HHS-CDC-20-0565.[8] This request seeks all email

communications (including email messages, complete email chains, email attachments, and

calendar invitations) <u>sent</u> by six specified agency officials containing any of forty-three key

terms related to the coronavirus from January 15, 2020, through the date of the search.

81.     The specified CDC agency officials are Director Robert Redfield; Chief of Staff

Kyle McGowan; Principal Deputy Director Anne Schuchat; Deputy Director for Public Health

Science and Surveillance Chesley Richards; Deputy Director for Infectious Diseases Jay Butler;

and Director for the National Center for Immunization and Respiratory Diseases Nancy

Messonier.

82.     The specified key terms are: "Coronavirus"; "Corona"; "Virus"; "Disease";

"Pandemic"; "Epidemic"; "Outbreak"; "Containment"; "Public health emergency"; "COVID-

19"; "COVID 19"; "COVID19"; "SARS"; "2019-nCOV"; "POTUS"; "Test"; "Tests";

"Testing"; "EUA"; "Emergency"; "Wuhan"; "Hoax"; "Hubei"; "Princess"; "Cruise";

"Kirkland"; "Seattle"; "New Rochelle";  "BioGen Conference"; "CPAC"; "AIPAC"; "RNA";

"Extraction kits"; "Roche"; "Vaccine"; "Antiviral"; "Antiretroviral"; "Quarantine";

"Distancing"; "Isolation"; "N95"; "Mask"; and "Respirator."

83.     American Oversight further explained that it:

_____

case to its prior lawsuit given HHS's current role in processing both its and CDC's records
relating to this request.
[8] This request was dated March 16, 2020, but was not filed until March 17, 2020.

limited its request to <u>sent</u> messages to reduce the volume of potentially responsive records. American Oversight still requests complete email chains. So, for example, if a government official sent a response to an incoming message containing one of the key terms above, the email chain containing the initially received message and the response is responsive to this request.

84.     American Oversight sought expedited processing for this "Coronavirus Sent Key Terms Request," citing, among other things, the urgent need to inform the public about federal decision-making regarding steps the administration has undertaken to manage a public health emergency at both national and international levels, in combination with the fact that American Oversight is primarily engaged in disseminating the information it receives from public records requests to the public.

85.     By letter dated and sent via email on March 19, 2020, CDC notified American Oversight of its position that the Coronavirus Sent Key Terms Request—which CDC assigned tracking number 20-00949-FOIA—was "Too Broad."[9] The CDC FOIA staffer who emailed this letter and who was identified as the point of contact was not the same CDC FOIA staffer who had described American Oversight's Coronavirus Task Force Request as overly broad. *See supra* ¶ 69. Nor was it the same CDC FOIA staffer processing American Oversight's Testing Directives Request, described *supra* at ¶¶ 49–64. Nonetheless, this March 19, 2020 letter provided identical directions for how American Oversight should rectify its "too broad" request as were contained in the too-vague letter given in response to American Oversight's Testing Directives Request. *See supra* ¶ 55. These directions principally focused on ways American Oversight could narrow and reduce the volume of its request. *Id.*

---

[9] Although this phrase does not appear in the letter itself, it is the title of the PDF of the letter CDC sent American Oversight.

86.     With this letter, CDC placed the Coronavirus Sent Key Terms Request on hold, and informed American Oversight that it would consider the request withdrawn and close the request if it did not receive a response by April 18, 2020.

87.     By email sent March 20, 2020, American Oversight responded that it "respectfully disagrees that the request as written is overly broad." American Oversight also explained that it

> believe[s] that by limiting this request to all email communications 'sent by' the listed officials will significantly narrow the number of results. In our experience, many senior federal officials do not communicate heavily by email. In particular, I would not expect that they are sending news clippings or articles, two types of emails discussed in the overly broad letter you sent.

88.     Nonetheless, to accommodate the agency, American Oversight stated that it does not object to the exclusion of any responsive news clippings or articles "so long as there is no other content to the email." American Oversight also offered that "[i]n the event that a large volume of results is generated with respect to one or more of the listed government officials' sent emails, we are amenable to discussing potentially narrowing the search terms for that custodian."

89.     By letter dated April 22, 2020, CDC informed American Oversight that it had administratively closed American Oversight's request because "[t]he agency has not received additional information requested from you in our letter dated March 19, 2020."

90.     By email sent that same day, American Oversight inquired as to the CDC's closure, and included a copy of the email it had sent on March 20, 2020, responding to the CDC's overly broad letter. American Oversight also reiterated its position that the request is reasonably described under FOIA. American Oversight informed CDC that it would file an appeal of the closure if it did not receive a response by 3pm, April 24, 2020.

91.     In an email exchange on April 23, 2020, CDC inquired as to how American Oversight would prefer to be contacted regarding this request. American Oversight responded that it welcomed contact by email or phone, and also offered to speak the following Monday afternoon, April 27, 2020.

92.     By email sent April 28, 2020, having not received any subsequent contact from CDC, American Oversight contacted CDC again to ask whether it had re-opened the Coronavirus Sent Key Terms request. CDC responded that day that the request was re-opened.

93.     By letter dated May 6, 2020, CDC notified American Oversight that its request "remains overly broad." This request reiterated the same language from its prior letter regarding the CDC's response to COVID-19 pandemic generating large volumes of records. It then stated:

> This letter is to notify you 1) that your request remains overly broad, and 2) you have not submitted a proper FOIA request because your request lacks the specificity needed to assist the agency retrieve [sic] the information with a reasonable amount of effort. To assist the agency to conduct a reasonable search please provide additional information such as a narrow date range for records search; and a reduced/shorter list of search terms and names of CDC Officials, and the precise document you seek. Additionally, we suggest omitting news clipping compilations and articles from responsive records.

94.     With this letter, CDC placed the Coronavirus Task Force Request on hold again, and informed American Oversight that it would consider the request withdrawn and close the request if it did not receive a response by May 13, 2020.

95.     By email sent May 12, 2020, American Oversight stated that it had already provided all of the information CDC needed to identify responsive records and had already agreed to omit news clippings and articles if they included no other content. American Oversight reiterated that volume—which appeared to be CDC's motivating concern—was not a proper basis for finding a request to not be reasonably described, but that it was also amenable to

discussing ways to narrow once CDC provided estimates of the volume of potentially responsive records. American Oversight also stated that it expected that CDC would continue processing its request.

96.     By email sent May 14, 2020, CDC informed American Oversight that it had granted American Oversight's request for expedited service and provided an initial volume estimate based on a preliminary search for records. The email also reiterated CDC's position that American Oversight "revise the scope of your request," and "omit[] news clipping compilations and articles from responsive records."

97.     By email that same day, American Oversight responded and asked CDC a few clarifying questions to help it understand the scope of the search that was run, including whether the search reflected American Oversight's prior agreement to exclude news clippings and articles and conformed to the parameters of American Oversight's request.

98.     By email sent May 15, 2020, CDC responded to American Oversight's inquiry and again urged American Oversight to narrow its request, stating that "[i[n order to reduce the total of emails and to simplify the processing of your request, we suggest that you limit the search to one CDC official."

99.     As of the date of this Complaint, American Oversight has not received any determination or responsive records from CDC in response to its Coronavirus Sent Key Terms Request.

*Testing Sent Key Terms Request*

100.     On March 18, 2020, American Oversight submitted a FOIA request to CDC, as well as HHS and the Food and Drug Administration (FDA), bearing the internal tracking number HHS-20-0580. This request seeks all email communications (including email messages,

complete email chains, email attachments, and calendar invitations) <u>sent</u> by six specified CDC

officials containing any of thirty-four key terms related to coronavirus testing from

January 20, 2020, through March 17, 2020.

  101. The specified CDC officials are Director Robert Redfield; Principal Deputy

Director Anne Schuchat; Team Lead for the Respiratory Virus Diagnostics Team Stephen

Lindstrom; Director for the Influenza Division Daniel Jernigan; Director for the Division of

Preparedness and Emerging Infections Toby Merlin; and Deputy Director for the Division of

Emergency Operations Mark Frank.

  102. The thirty-four key terms are: "EUA"; "Emergency Use"; "Test"; "Testing"; "the

WHO"; "W.H.O."; "World Health Organization"; "Kit"; "LDT"; "CLIA"; "RNA"; "Extraction";

"Quest"; "LabCorp"; "Roche"; "Qiogen"; "Thermo Fisher"; "Thermofisher"; "Hologic";

"Panther Fusion"; "Wadsworth"; "RT-PCR"; "Oscar"; "CureVac"; "University of Washington";

"Seattle Flu study"; "Greninger"; "POTUS"; "Reagent"; "564"; "564(b)"; "Mainland China";

"Close contact"; and "Issue guidance."

  103. American Oversight further explained that it:

> limited its request to <u>sent</u> messages to reduce the volume of
> potentially responsive records. American Oversight still requests
> complete email chains. So, for example, if a government official
> sent a response to an incoming message containing one of the key
> terms above, the email chain containing the initially received
> message and the response is responsive to this request.

  104. American Oversight sought expedited processing of this "Testing Sent Key Terms

Request," citing, among other things, the urgent need to inform the public about federal decision-

making regarding the rollout of testing for the coronavirus, in combination with the fact that

American Oversight is primarily engaged in disseminating the information it receives from

public records requests to the public.

105.    By letter dated and sent via email on March 27, 2020, CDC notified American Oversight of its position that the Testing Sent Key Terms Request—which CDC assigned the tracking number 20-00969-FOIA—is "overly broad" and stated that it sought "clarification regarding the subject matter of the records you seek." The letter states that "[y]our request targets numerous key terms and a topic was not provided." In addition, despite being sent by a different CDC FOIA staffer than the three staffers who had sent the letters discussed above, *see supra* ¶¶ 55, 69, 85, the letter then largely reiterated language sent to American Oversight in response to other requests:

> Due to the extent of CDC's response to the COVID-19 pandemic, which involves a large number of agency personnel and has generated a large volume of records, we ask that you revise the scope of your request and be as specific as possible about the records or information you seek. To conduct a search using all terms and staff described in your request cannot be performed with reasonable effort.

> To assist the agency to conduct a reasonable search, please provide our office with additional information, such as: providing a reduced/shorter list of search terms; requesting a specific record by its title; and/or, the precise document you seek. We also recommend, omitting news clipping compilations and other attachments that are not related to what you are seeking.

106.    With this letter, CDC placed the Testing Sent Key Terms Request on hold, and informed American Oversight that it would consider the request withdrawn and close the request if it did not receive a response by April 24, 2020.

107.    By email that same day, American Oversight responded that it "respectfully disagrees that the request as written is underlined overly broad." American Oversight explained that, "[w]ith a narrow date range (less than two months), specific senders (by name and title), and specific key terms provided, the agency has all that it needs to identify responsive records."

108.    With respect to the agency's apparent concerns regarding volume, American

Oversight also explained that:

> we purposefully limited our request to emails <u>sent by</u> the listed
> officials. In our experience, many senior federal officials do not
> communicate heavily by email and we thus do not anticipate a
> tremendously high volume of records. In addition, we do not expect
> that the senior officials we identified are sending news clippings or
> articles, which can otherwise often increase volume on FOIA
> requests for emails.

109.    Nonetheless, to accommodate the agency, American Oversight stated that it does

not object to the exclusion of any responsive news clippings or articles "so long as there is no

other content to the email." American Oversight also offered that:

> in the event that a large volume of results is generated with respect
> to one or more of the listed search terms for a particular official, we
> are amenable to discussing potentially narrowing the search.
> Without specific information regarding which term or terms are
> producing inordinate volumes, we are not inclined to simply guess
> which might be problematic and eliminate those search terms. We
> are happy to continue to discuss this issue with you as more
> information about volume becomes available, though.

110.    By letter dated and sent via email on April 15, 2020, CDC notified American

Oversight that its request "is still overly broad." This request largely reiterated language from its

original overly broad letter, as well as the other letters American Oversight has received from

CDC. *See supra* ¶¶ 55, 69, 85, 105. Specifically, it stated:

> We do not retain documents in our office; we send a search for
> responsive records to the Subject Matter Expert (SME) for records.
>
> Due to CDC's response to the COVID-19 pandemic, involved
> agency personnel generate large volumes of records every day
> regarding the subject. In order to get you responsive information in
> the most timely manner possible, we ask that you be as specific as
> possible about the records/information you seek, rather that asking
> for broad categories of records containing only the name/nickname
> of the virus. Searches using only those terms cannot be performed
> with reasonable effort.

> To assist the agency to conduct a reasonable search, please provide
> our office with additional information, such as: providing a
> reduced/shorter list of search terms; requesting a specific record by
> its title; and/or, the precise document you seek.

111.    With this letter, CDC placed the Testing Sent Key Terms Request on hold again, and informed American Oversight that it would consider the request withdrawn and close the request if it did not receive a response by April 24, 2020.

112.    By email sent April 16, 2020, American Oversight maintained its previously stated position, and noted that CDC's second letter "does not address the points we raised regarding what is legally required under the FOIA and why our request fulfills these requirements, and simply reiterates the same points we have rebutted." American Oversight stated that it was "interpreting your response as a rejection of our request and intend to file an appeal. If we are incorrect, and you do intend to process our request please let us know promptly."

113.    American Oversight filed an appeal challenging CDC's rejection of its request as overly broad on the afternoon of April 16, 2020.

114.    By letter dated April 17, 2020, HHS, which processes appeals on behalf of CDC, acknowledged receipt of American Oversight's appeal, and assigned it case number 2020-00145-A-PHS. HHS's acknowledgment letter further stated that American Oversight's appeal "falls under 'unusual circumstances,'" citing 45 C.F.R. § 5.35(c), and that it would "utilize a 10 working day extension to process your request."

115.    However, as previously stated, the C.F.R. provision cited by HHS does not currently exist, and HHS's current regulations do not allow the agency to take a ten-working-day extension for determining appeals. *See supra* ¶¶ 46–47.

116.    On April 23, 2020, American Oversight received a call from CDC in which the

CDC FOIA staffer with whom American Oversight had already been in correspondence

requested an email again summarizing American Oversight's positions with respect to the

Testing Sent Key Terms Request in advance of a meeting with a supervisor.

117.    By email sent that same day, American Oversight reiterated the points it had made

previously, stating:

> In summary, we would like the emails <u>sent</u> by the six CDC officials
> specified in the request containing any of the specified key terms for
> the specified period (which is less than two months) without
> applying a strict subject matter limitation or requirement that they
> use a small handful of key terms like "coronavirus" or "covid". We
> have regularly had agencies run such searches, and the volume of
> responsive records is often very reasonable because the limitation to
> <u>sent</u> email prevents the need for the agency to review incoming
> emails, including wide distribution emails, news clips, and email
> updates from subordinates that were not responded to.
>
> We are not unwilling to consider any narrowing, but first would ask
> that CDC run a search for emails <u>sent</u> by these officials containing
> these terms. If the resulting volume is many thousands of pages, we
> would then consider cutting down on the number of officials and
> they [sic] list of key terms.

118.    By email sent that same day, CDC acknowledged this response and asked for

another phone call to discuss American Oversight's Testing Sent Key Terms Request.

119.    On this follow-up call, which occurred on April 24, 2020, American Oversight

stated that it was maintaining the position it had taken in its appeal.

120.    As of the date of this Complaint, American Oversight has not received any further

communication from CDC or HHS regarding its Testing Sent Key Terms Request, or its related

appeal.

**Additional Examples of CDC's Policy, Pattern, or Practice**

121.    On information and belief, CDC systematically refuses to process reasonably described FOIA requests based on the assumption that the request, as written, may produce a large volume of responsive records, unless the requester agrees to narrow the request.

122.    Specifically, CDC consistently informs FOIA requesters that reasonably described requests are overly broad (or a substantially similar variation thereof), and places their requests on hold, with the threat that the requests will be considered withdrawn and closed in the event CDC does not receive a response by a prescribed date.

123.    CDC responds in this fashion to FOIA requests it anticipates may generate a large volume of responsive records even where the request describes the requested records with enough detail that an agency employee familiar with the subject matter could locate the requested records with a reasonable amount of effort.

124.    As one mechanism to reduce potential volume, CDC also improperly insists that requesters agree to impose a subject matter limitation on requests even where the request otherwise reasonably describes the records sought.

125.    American Oversight directly has experienced this practice in numerous instances, both before and during the ongoing coronavirus pandemic.

126.    On information and belief, other FOIA requesters have also experienced this practice in numerous instances.

127.    In addition to the Subject FOIA Requests specifically at issue in this litigation, American Oversight has experienced this practice in a number of other FOIA requests it has submitted to CDC.

128.    Although American Oversight does not seek to enforce these other FOIA requests in the instant litigation, CDC's responses to these requests provide further evidence of CDC's improper policy, pattern, or practice of refusing to process FOIA requests that reasonably describe the records sought because of volume concerns.

*Redfield Calendars Request and Litigation*

129.    On February 27, 2019, American Oversight submitted a FOIA request to CDC bearing the internal tracking number HHS-CDC-19-0276. This request sought all calendars or calendar entries for CDC Director Robert Redfield, including any calendars maintained on his behalf, from the date he joined the CDC through the date the search is conducted.

130.    American Oversight requested that the calendars be produced in a format that included all invitees, any notes, and all attachments.

131.    By letter dated and sent via email on February 28, 2019, CDC acknowledged the "Redfield Calendars Request" and assigned it tracking number 19-00493-FOIA. In this letter, CDC informed American Oversight that it considered the request "overly broad" and asked for "clarification of the subject matter of the records" sought. Specifically, this letter stated:

> To assist the agency to conduct a reasonable search, please provide our office with additional information, such as: a request for a record by its title; a particular event; a narrow date range for records; recommended search terms; office(s) likely to have records requested; full names and accurate titles of individual(s) discussing the subject of your request; a subject matter; and/or, the precise document you seek.

132.    With this letter, CDC placed the Redfield Calendars Request on hold, and informed American Oversight that it would consider the request withdrawn and close the request if it did not receive a response by March 28, 2019.

133.    By email sent March 8, 2019, American Oversight provided clarification of its request in an attempt to address CDC's concerns, and also explained that its request was a proper, reasonably described FOIA request, meeting HHS regulations.

134.    By letter dated and sent via email on March 13, 2019, CDC replied that despite American Oversight's clarification, the "request remain[ed] overly broad." CDC further stated that: "[t]o assist the agency to conduct a reasonable search, please provide our office with additional information such as: a narrow date range; and/or a specific calendar entry subject; and/or a specific person (by name) who is the object of a calendar item."

135.    With this letter, CDC placed the Redfield Calendars Request on hold again, and informed American Oversight that it would consider the request withdrawn and close the request if it did not receive a response by March 28, 2019.

136.    By email sent that same day, American Oversight reiterated its position that the request met the relevant legal standards for a proper, reasonably described FOIA request, and indicated that it intended to appeal CDC's adverse determination.

137.    On March 18, 2019, pursuant to HHS regulations, American Oversight submitted an administrative appeal to the HHS review official identified in CDC's correspondence, challenging CDC's adverse determination that the FOIA request was overly broad.

138.    HHS acknowledged receipt of American Oversight's appeal on March 21, 2019, assigning it FOIA appeal number 19-0052-AA.

139.    As of July 25, 2019, American Oversight had received no further correspondence from CDC or HHS regarding the Redfield Calendars Request, or its related appeal, and filed suit to enforce its rights under the FOIA. Complaint, *Am. Oversight v. HHS*, Case No. 1:19-cv-02214 (D.D.C. July 25, 2019), ECF No. 1.

140.    On August 29, 2019, in its Answer to American Oversight's Complaint, CDC averred that CDC's FOIA Office had reopened the request and begun exploring search options prior to the date American Oversight filed its administrative appeal, but "had no protocol in place that prompted it to notify American Oversight of that action and therefore unfortunately did not do so." Answer ¶ 17, *Am. Oversight v. HHS*, Case No. 1:19-cv-02214 (D.D.C. Aug. 29, 2019), ECF No. 7.

141.    On October 8, 2019, in the context of the litigation and without any further narrowing or clarification from American Oversight, CDC released approximately 11,500 pages of responsive records, which it represented was a full and final production of records responsive to the Redfield Calendars Request. *See* Joint Status Report ¶ 3, *Am. Oversight v. HHS*, Case No. 1:19-cv-02214 (D.D.C. Oct. 8, 2019), ECF No. 8.

*External Testing Communications Request*

142.    On March 17, 2020, American Oversight submitted a FOIA request to CDC bearing the internal tracking number HHS-CDC-20-0570. This request seeks all email communications (including email messages, complete email chains, email attachments, and calendar invitations) sent by ten specified CDC officials to any of twenty-four external entities involved in developing or running tests for coronavirus, from January 10, 2020, through the date of the search.

143.    For each of the external entities listed, American Oversight provided an email domain for CDC to include in its search.

144.    By letter dated and sent via email on March 20, 2020, CDC notified American Oversight that this "External Testing Communications Request"—which it assigned the tracking number 20-00950-FOIA—"is overly broad" and sought clarification. CDC explained that:

> To assist the agency to conduct a reasonable search, please provide
> our office with additional information, such as: the full names, email
> addresses, or accurate titles of executives, directors, deputy directors
> (or any other individual) discussing the topic of your request; CDC
> offices most likely to have the records requested, the specific type
> of record you seek by title/content/date/sender; a subject matter; or,
> the precise document you seek.

145.    With this letter, CDC placed the External Testing Communications Request on

hold, and informed American Oversight that it would consider the request withdrawn and close

the request if it did not receive a response by April 18, 2020.

146.    By email sent March 27, 2020, American Oversight responded that it

"respectfully disagrees that the request as written is overly broad," explaining that the agency has

all of the information it needs to identify responsive records. American Oversight also offered to

engage in a discussion regarding narrowing in the event a large volume of results is generated

with respect to one or more of the officials listed, although it did not expect that the request—

limited to <u>sent</u> emails—would produce an inordinately high volume.

147.    By email sent that same day, the CDC FOIA official thanked American Oversight

for its response.

148.    In an email exchange on April 2, 2020, CDC asked if American Oversight would

"be willing to omit news clippings and articles." American Oversight agreed "so long as there is

no substantive commentary or discussion in an email forwarding news clippings/articles."

149.    By letter dated April 6, 2020, CDC confirmed that it was processing American

Oversight's request.

150.    Over a month later, by email sent on May 15, 2020, CDC requested American

Oversight's "assistance regarding the [] request." Specifically, CDC noted that American

Oversight's request had "identified the CDC officials and external parties involved in the

communications but [it had] not provided a search term," and so the agency asked American Oversight to "provide this additional information."

*CDC Decision Memos Request*

151.    On March 18, 2020, American Oversight submitted a FOIA request to CDC bearing the internal tracking number HHS-CDC-20-0582. This request seeks "[a]ll decision memoranda, directives, policy interpretations, or guidance signed, approved, or otherwise adopted by [CDC] Director Redfield regarding coronavirus, SARS-CoV-2, and/or the disease it causes, COVID-19," from January 1, 2020, through the date of the search.

152.    By letter dated and sent via email on March 23, 2020, CDC notified American Oversight that its CDC Decision Memos Request—which CDC assigned tracking number 20-00970-FOIA—"is overly broad" and sought clarification. Despite being sent by a different CDC FOIA staffer than the four staffers who had sent the overly broad letters discussed above, *see supra* ¶¶ 55, 69, 85, 105, 144, the letter similarly directed that:

> To assist the agency to conduct a reasonable search, please provide our office with additional information, such as: a request for a record by its title; particular event; recommended search terms; offices likely to have records requested; full names and accurate titles of individuals discussing the subject of your request; and/or, the precise document you seek.

153.    With this letter, CDC placed the CDC Decision Memos Request on hold, and informed American Oversight that it would consider the request withdrawn and close the request if it did not receive a response by April 20, 2020.

154.    By email sent March 27, 2020, American Oversight responded, clarifying that it seeks "any formal, final directives, orders, decision memoranda, or guidance documents issued by Director Redfield regarding the novel coronavirus (SARS-CoV-2), and/or the disease it

causes, COVID-19. We do <u>not</u> seek informal orders, such as an email from Director Redfield telling an employee to do something, or any non-final documents."

155.    American Oversight further stated that it "believe[s] these records can reasonably be found by inquiries to Director Redfield's office. American Oversight frequently submits and receives responses to requests for final directives issued by senior agency officials without greater specificity than what we have provided here."

156.    By letter dated and sent via email on May 13, 2020, more than one-and-a-half months after American Oversight had responded, CDC informed American Oversight that it had administratively closed American Oversight's request because "[t]he agency has not received additional information requested from you in our letter dated March 23, 2020," and "[y]ou have failed to reasonably describe your request to assist the agency in conducting a reasonable and adequate search for records."

157.    By email sent that same day, American Oversight inquired as to CDC's closure of the request and included a copy of the email it had sent on March 27, 2020, responding to CDC's overly broad letter. American Oversight also stated its position that the request is reasonably described under FOIA. Given the previous erroneous closures and, upon correction, subsequent reopening of four other American Oversight requests, American Oversight further stated that it expected CDC would re-open this request and asked CDC to confirm this.

158.    By email sent that same day, CDC responded that the request would be reopened and processed accordingly.

159.    As of the date of this Complaint, American Oversight has not received any further communication from CDC regarding its CDC Decision Memos Request.

*Pandemic Response Team Request*

160.    On March 18, 2020, American Oversight submitted a FOIA request to CDC bearing the internal tracking number HHS-CDC-20-0592. This request seeks (1) all email communications (including email messages, complete email chains, email attachments, and calendar invitations) <u>sent</u> by eight specified CDC officials containing any of sixteen key terms related to the 2018 dissolution of the pandemic response team at the National Security Council; and (2) all email communications (including email messages, complete email chains, email attachments, and calendar invitations) between the same specified CDC officials and specified officials then serving in the Executive Office of the President.

161.    This "Pandemic Response Team Request" seeks all responsive records from April 9, 2018, through May 17, 2018.

162.    By letter dated and sent via email on March 20, 2020, CDC notified American Oversight that this request—which CDC assigned the tracking number 20-00971-FOIA—"is overly broad" and sought clarification. CDC explained that:

> The first portion of your request is for "All email…" communications from a range of individuals using extremely generic search terms (names, flu, influenza, National Security Council, etc.) which are likely to produce a volume of records because of their common use or their inclusion in email addresses. The second portion of your request is for "All email…" between several groups of individuals without regard to any subject matter or limits. A search this broad cannot be conducted by the agency with reasonable effort.
>
> To assist the agency to conduct a reasonable search, please provide our office with a specific and narrow subject of your request. The types of information to include when filing your request include: names and email addresses of persons outside the agency in whose correspondence you are interested (note that department regulations prevent us from releasing White House emails); the precise information you are seeking; the title of the document(s) you are seeking; types of records you are NOT seeking and that can be

excluded (news clippings, etc.); and/or specific and narrow search terms or phrases. (Please note that using the name of an illness or health condition by itself is not a specific enough subject or keyword. In particular, the terms flu, and influenza and other terms for the current pandemic have become ubiquitous and are not unique enough to allow for a search with reasonable effort.)

163.   With this letter, CDC placed the Pandemic Response Team Request on hold, and informed American Oversight that it would consider the request withdrawn and close the request if it did not receive a response by April 17, 2020.

164.   By email sent March 27, 2020, American Oversight responded that it "respectfully disagrees that the request as written is overly broad," explaining that the agency has all of the information it needs to identify responsive records. American Oversight also offered to engage in a discussion regarding narrowing in the event a large volume of results is generated with respect to one or more of the officials listed, although it did not expect that the request— limited to emails sent by the specified CDC officials for a narrow date range from 2018—would produce an inordinately high volume. American Oversight also stated it did not object to the exclusion of emails circulating news clippings or articles to the extent there is no other content to the emails.

165.   By letter dated April 20, 2020, CDC informed American Oversight that it had administratively closed American Oversight's request because "[t]he agency has not received additional information requested from you in our letter dated March 20, 2020," and "[y]ou have failed to reasonably describe your request to assist the agency in conducting a reasonable and adequate search for records."

166.   By email sent April 21, 2020, American Oversight inquired as to CDC's closure of the Pandemic Response Team Request, and included a copy of the email it had sent on March 27, 2020 responding to the CDC's overly broad letter. American Oversight also reiterated

its position that the request is reasonably described under FOIA. American Oversight informed

CDC that it would file an appeal of the closure if it did not receive a response by close-of-

business April 23, 2020.

167.    By letter dated April 22, 2020, attached thereto, CDC formally acknowledged

receipt of American Oversight's March 27, 2020 email, and restated that the request was

assigned tracking number 20-00971-FOIA.

168.    On information and belief, the April 22, 2020 letter indicates that CDC had re-

opened American Oversight's request.

169.    As of the date of this Complaint, American Oversight has not received any further

communication from CDC regarding its Pandemic Response Team Request.

*Pharma Communications Request*

170.    On March 27, 2020, American Oversight submitted a FOIA request to CDC

bearing the internal tracking number HHS-CDC-20-0705. This request seeks "[a]ll

communications (including emails, email attachments, text messages, calendar invitations,

calendar entries, meeting notices, meeting agendas, or talking points), as well as any summaries

of or notes taken during any oral communications," between six specified CDC officials and

twenty-four external drug or biotech companies, from February 1, 2020, through the date of the

search.

171.    For each of the companies listed, American Oversight provided an email domain

for CDC to include in its search.

172.    By letter dated and sent via email on April 7, 2020, CDC notified American

Oversight that this "Pharma Communications Request"—which CDC assigned the tracking

number 20-01072-FOIA—"is overly broad" and sought clarification. Despite being sent by a

different CDC FOIA staffer than the five staffers who had sent the overly broad letters discussed

above, *see supra* ¶¶ 55, 69, 85, 105, 144, 152, 162, the letter similarly CDC explained that:

> Your request as written is too broad because you have not specified
> a subject matter, nor identified the precise record you seek. A search
> of this magnitude cannot be performed with reasonable effort
> without being more specific.

> Due to the extent of CDC's response to the COVID-19 pandemic,
> involved agency personnel generate large volumes of records every
> day about the virus. In order to get you the particular information
> that meets your needs in the most timely manner possible, we ask
> that you be as specific as possible about the records/information you
> seek, rather than asking for broad categories of records containing
> only the name/nickname of the virus. Searches using only those
> terms cannot be performed with reasonable effort.

> To assist the agency to conduct a reasonable search, please provide
> our office with as [sic] the specific and narrow subject of your
> request. Types of information to include when filing your request
> include: a narrowed date ranged, **the precise information you are
> seeking**; the title of the document(s) you are seeking; types of
> records you are NOT seeking and that can be excluded (news
> clippings, etc); and/or very specific and narrow search terms or
> phrases. *(Please note that using the name of an illness or health
> condition by itself is not a specific enough subject or keyword. In
> particular, the terms "COVID-19," "coronavirus," and other terms
> for the current pandemic have become ubiquitous and are not
> unique enough to allow for a search with reasonable effort, as have
> the terms "test" and "test kit.")*

173.    With this letter, CDC placed the Pharma Communications Request on hold, and

informed American Oversight that it would consider the request withdrawn and close the request

if it did not receive a response by May 6, 2020.

174.    By email sent April 9, 2020, American Oversight responded that it "respectfully

disagrees that the request as written is overly broad," explaining that the agency has all of the

information it needs to identify responsive records. Nonetheless, American Oversight also

offered to engage in a discussion regarding narrowing in the event a large volume of results is

generated with respect to one or more of the officials listed. American Oversight also stated it

did not object to the exclusion of emails circulating news clippings or articles to the extent there

is no other content to the emails.

175.    By letter dated April 30, 2020, CDC acknowledged that it was processing

American Oversight's request.

176.    As of the date of this Complaint, American Oversight has not received any further

communication from CDC regarding its Pharma Communications Request.

*Redfield-Gao Call Request*

177.    On April 10, 2020, American Oversight submitted a FOIA request to CDC

bearing the internal tracking number HHS-CDC-20-0895. This request seeks:

> 1. All records reflecting the content of the phone call on or about
> January 3, 2020 between George F. Gao, director of the Chinese
> Center for Disease Control and Prevention, via phone call to CDC
> Director Robert Redfield, including preparatory briefings, materials
> shared during the call, handwritten or electronic notes taken during
> the call, memoranda memorializing the call, read-outs of the call, or
> emails discussing the call.

> 2. All records reflecting the content of Director Redfield's
> subsequent communication with HHS Secretary Alex Azar
> regarding Director Redfield's phone call on or about January 3,
> 2020 with Director Gao, including any materials exchanged
> between Director Redfield and Secretary Azar, and any notes or
> memoranda memorializing this communication.

> At a minimum, a search for responsive records should include a
> search of the files of (a) the CDC Office of the Director; and (b) the
> CDC Office of the Chief of Staff.

> Please provide all responsive records from January 1, 2020, through
> January 9, 2020.

178.    The context for this request, which American Oversight described in its request

letter to CDC, was reporting by the Washington Post[10] and New York Times[11] that

> the first clear warning regarding the [corona]virus was
> communicated by George F. Gao, director of the Chinese Center for
> Disease Control and Prevention, via phone call to Robert Redfield,
> Director of the U.S. [CDC], on January 3, 2020. Director Redfield
> subsequently relayed this information to Alex Azar, Secretary of
> [HHS], who then shared it with the White House via his chief of
> staff, Brian Harrison.

179.    By letter dated and sent via email on April 15, 2020, CDC notified American

Oversight that this "Redfield-Gao Call Request"—which CDC assigned the tracking number 20-

01221-FOIA—"is overly broad" and sought clarification. CDC explained that "[y]our request as

written is overly broad because you are seeking all documents." It added, "[t]o assist the agency

to conduct a reasonable search, please provide our office with additional information, such as:

requesting a specific record by its title; subject matter; and/or, the precise document you seek."

180.    With this letter, CDC placed the Redfield-Gao Call Request on hold, and

informed American Oversight that it would consider the request withdrawn and close the request

if it did not receive a response by May 14, 2020.

181.    By email sent April 15, 2020, American Oversight responded that it "respectfully

disagrees that its request as written is overly broad as a matter of law." American Oversight

explained that it "has requested a set of precisely described records[,] . . . identified specific

offices in which CDC should search for records, and provided a very narrow date range for

---

[10] Yasmeen Abutaleb et al., *The U.S. Was Beset by Denial and Dysfunction as the Coronavirus Raged*, Wash. Post (Apr. 4, 2020), https://www.washingtonpost.com/nationalsecurity/2020/04/04/coronavirus-government-dysfunction/?arc404=true.
[11] Michael D. Shear et al., *The Lost Month: How a Failure to Test Blinded the U.S. to Covid-19*, N.Y. Times (Apr. 1, 2020), https://www.nytimes.com/2020/03/28/us/testing-coronavirus-pandemic.html.

responsive records," and that more information is not necessary under the relevant legal standards.

182.    By letter dated April 30, 2020, CDC informed American Oversight that "[a] search is currently being conducted by program staff for the documents you requested."

183.    As of the date of this Complaint, American Oversight has not received any further communication from CDC regarding its Redfield-Gao Call Request.

## CDC'S POLICY, PATTERN, OR PRACTICE IS UNLAWFUL

184.    CDC has a policy, pattern, or practice of declining to process reasonably described FOIA requests—describing them as overly broad or some substantially similar variation thereof—based on CDC's assumptions regarding the potential volume of responsive records, and not CDC's staff's ability to identify responsive records.

185.    CDC refuses to process these reasonably described requests unless the requester agrees to narrow the request, such as by adding a subject matter limitation that might reduce the potential volume of responsive records.

186.    This policy, pattern, or practice is reflected in CDC's responses to American Oversight's FOIA requests discussed above, including American Oversight's Testing Directives Request, Coronavirus Task Force Request, Coronavirus Sent Key Terms Request, Testing Sent Key Terms Request, Redfield Calendars Request, External Testing Communications Request, CDC Decision Memos Request, Pandemic Response Team Request, Pharma Communication Request, and Redfield-Gao Call Request.

187.    This policy, pattern, or practice has been effectuated by at least six different CDC FOIA staffers, using the same or similar language in letters to American Oversight seeking

information American Oversight had already provided or that was unnecessary to process the request.

188.    This policy, pattern, or practice is driven by concerns at CDC regarding the potential volume of responsive records. CDC acknowledged as much on a May 12, 2020 webinar hosted by the Office of Government Information Services, "Webinar: FOIA Requests for CDC COVID-19 Records." During this webinar, CDC's FOIA Officer acknowledged sending overly broad letters to FOIA requesters, and encouraged FOIA requesters to respond by narrowing their time frames (e.g., a day or two rather than a month or more), targeting fewer people, and avoiding certain key words, so as to reduce the volume of responsive records.

189.    This policy, pattern, or practice violates the FOIA, as courts have consistently recognized that the inquiry into whether a request is "reasonably described" is divorced from the volume of records requested. *See supra* note 1 (listing cases). Furthermore, "Congress intended the [FOIA's] 'reasonably described' language to be interpreted liberally, and that this standard 'should not be used to obstruct public access to agency records.'" *Muckrock, LLC v. CIA*, 300 F. Supp. 3d 108, 136 (D.D.C. 2018) (quoting S. Rep. No. 93–854, at 10 (1974)).

190.    To the extent that CDC refuses to process "overly broad" requests unless requesters agree to subject matter limitations to narrow requests, this policy, pattern, or practice violates the FOIA, as courts have consistently recognized that whether a request is "reasonably described" does not turn on whether the request includes a subject matter limitation. *See supra* note 2 (listing cases).

191.    Whether by accident or design, this policy, pattern, or practice has had the effect of substantially delaying—and, in several instances involving three different CDC FOIA staffers, resulting in the erroneous closure of—FOIA requests submitted by American Oversight.

192.    On information and belief, this policy, pattern, or practice has also resulted in substantially delayed processing of reasonably described FOIA requests submitted by other FOIA requesters.

193.    This dilatory effect of CDC's policy, pattern, or practice is exacerbated by CDC's repeated issuance of still-too-broad emails and letters that place second holds on the agency's processing of reasonably described FOIA requests. CDC's actions are in violation of the clear language of the FOIA, which authorizes agencies to make only "*one* request to the requester for information" that tolls the 20-working-day period for responding to requests. 5 U.S.C.§ 552(a)(6)(A)(ii)(I) (emphases added).[12]

194.    In several instances—including with respect to the Testing Directives Request, the Coronavirus Task Force Request, the Coronavirus Sent Key Terms Request, the Testing Sent Key Terms Request, the External Testing Communications Request, the Pandemic Response Team Request, and the Pharma Communications Request—American Oversight contemporaneously sent identical request language (or identical request language but for different specified agency officials) to one or more agencies other than CDC. As of the date of this Complaint, American Oversight has not been told by the other agencies that these identical or near-identical requests are overly broad for them to process.

195.    On information and belief, this policy, pattern, or practice has also resulted in the closure of a significant number of legally proper FOIA requests submitted by other FOIA requesters in recent years, when these FOIA requesters did not respond to CDC's overly broad

---

[12] Indeed, as discussed above at ¶¶ 8–18, the HHS regulation purporting to allow HHS components like CDC to indefinitely delay the processing of FOIA requests before even a *first* request for clarification is sent to the requester, pending a determination by the agency of whether they are reasonably described, and then place FOIA requests on hold again for a second inquiry to the FOIA requester, violates the clear language of the FOIA.

letters in the time periods provided and thus CDC treated their requests as having been "withdrawn." *See supra* ¶¶ 56, 70, 86, 94, 106, 111. Based on publicly reported data, American Oversight has found that CDC closes requests as "withdrawn" with much greater frequency than HHS's overall average across components.[13] Specifically, from FY 2016 to FY 2019, CDC closed 21–31% of requests as "withdrawn," while the overall agency as an average closed only 6–10% as "withdrawn."

196.    American Oversight currently has several other FOIA requests pending with CDC. CDC has yet to issue final determinations—or, in some instances, even acknowledge— these requests. Given CDC's repeated practice of issuing still-too-broad letters and applying second holds to American Oversight requests, CDC may further delay processing even on the requests to which American Oversight has already responded to an initial overly broad letter.

197.    American Oversight also expects and intends to continue submitting similar FOIA requests to CDC as part of its ongoing efforts to promote transparency and educate the public about the operations and activities of the federal government.

198.    American Oversight therefore stands to be harmed by this ongoing practice in the future.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

199.    As of the date of this Complaint, Defendant CDC has failed (a) to notify American Oversight of any determination—including the full scope of any responsive records it intends to produce or withhold and the reasons for any withholdings—or (b) to produce all of the requested records or demonstrate that the requested records are lawfully exempt from

---

[13] American Oversight calculated these percentages based on data from the HHS's annual reports available at HHS, *FOIA Annual Reports*, last updated April 3, 2020, https://www.hhs.gov/foia/reports/annual-reports/index.html.

production, with respect to the White House Communications Directives Request, Testing

Directives Request, the White House Coronavirus Task Force Request, the Coronavirus Sent

Key Terms Request, and the Testing Sent Key Terms Request.

200.   As of the date of this Complaint, Defendant HHS has failed to notify American

Oversight of any determination regarding its administrative appeals with respect to the Agency

Communications Directives Requests and the Testing Sent Key Terms Request.

201.   Through Defendants' failures to make determinations as to American Oversight's

FOIA requests or appeals within the time period required by law or applicable HHS regulation,

American Oversight has constructively exhausted its administrative remedies and seeks

immediate judicial review with respect to the Subject FOIA Requests.

## COUNT I
### Impermissible Policy, Pattern, or Practice of Denying
### Reasonably Described FOIA Requests in Violation of FOIA, 5 U.S.C. § 552, as to CDC

202.   American Oversight repeats the allegations in the foregoing paragraphs and

incorporates them as though fully set forth herein.

203.   Defendant CDC is a sub-component of an agency that is subject to the FOIA and

must therefore comply with the FOIA's statutory requirements.

204.   Defendant CDC has adopted and is engaged in a policy, pattern, or practice of

violating the FOIA's requirement that agencies search for records in response to a reasonably

described request. Specifically, Defendant CDC declines to process FOIA requests that are

reasonably described as a matter of law based on CDC's assumptions about the potential volume

of responsive records.

205.   Defendant CDC's repeated, unlawful, and intentional actions have harmed, and

will continue to harm, Plaintiff American Oversight and other requesters by delaying the

processing of their reasonably described FOIA requests while CDC's response letters—rejecting requests as overly broad due to concerns about the potential volume of responsive records—are pending.

206.    Defendant CDC's repeated, unlawful, and intentional actions have harmed, and will continue to harm, Plaintiff American Oversight and other requesters by delaying the processing of their reasonably described FOIA requests by issuing improper still-too-broad letters after FOIA requesters have substantively responded to CDC's overly broad letters.

207.    Defendant CDC's repeated, unlawful, and intentional actions have harmed, and will continue to harm, Plaintiff American Oversight and other requesters by requiring them to file suit against CDC on requests where CDC has issued improper overly broad letters and the requester is unable or unwilling to agree to limit its request to the specific parameters improperly demanded by CDC.

208.    Defendant CDC's repeated, unlawful, and intentional actions have harmed, and will continue to harm, Plaintiff American Oversight and other requesters that have submitted reasonably described FOIA requests by wrongfully withholding agency records unless the requesters respond to CDC's improper overly broad letters, and either agree to limit their requests to the specific parameters demanded by CDC or file suit to obtain the records.[14]

209.    Defendant CDC's unlawful policy, pattern, or practice of declining to process reasonably described FOIA requests will continue absent intervention by this Court.

210.    American Oversight therefore is entitled to declaratory and injunctive relief to compel Defendant CDC to comply with the requirements of the FOIA and HHS regulations and

---

[14] While CDC has indicated it is processing without modification some of Plaintiff American Oversight's requests that CDC initially maintained were overly broad, such results were only obtained after sustained efforts by American Oversight and unnecessary delays in processing.

to prevent Defendant CDC from continuing to apply its unlawful FOIA policy, pattern, or practice.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records

211.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

212.     Defendants are an agency and a sub-component thereof that are subject to the FOIA and must therefore make reasonable efforts to search for requested records.

213.     American Oversight properly requested records within the possession, custody, and control of Defendants.

214.     The Subject FOIA Requests, as filed, reasonably describe the records sought.

215.     Defendants have failed to promptly and adequately review agency records for the purpose of locating those records that are responsive to the Subject FOIA Requests.

216.     Defendants' failures to conduct adequate searches for responsive records violate the FOIA.

217.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to conduct an adequate search for records responsive to the Subject FOIA Requests.

## COUNT III
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

218.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

219.     American Oversight properly requested records within the possession, custody, and control of Defendants.

220.     Defendants are an agency and a sub-component thereof subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide a lawful reason for withholding any materials.

221.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to the Subject FOIA Requests.

222.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to the Subject FOIA Requests.

223.     Defendants' failures to provide all non-exempt responsive records violates FOIA.

224.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to the Subject FOIA Requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Declare that Defendant CDC is engaged in an impermissible policy, pattern, or practice of declining to process reasonably described FOIA requests as overly broad due to concerns regarding the potential volume of responsive records;

(2) Enjoin Defendant CDC from continuing to engage in an impermissible policy, pattern, or practice of declining to process reasonably described FOIA requests as overly broad due to concerns regarding the potential volume of responsive records;

(3) Declare that the Subject FOIA Requests reasonably described the records sought as required by the FOIA;

(4) Order Defendants to conduct searches reasonably calculated to uncover all records responsive to the Subject FOIA Requests;

(5) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to the Subject FOIA Requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(6) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to the Subject FOIA Requests;

(7) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(8) Grant American Oversight such other relief as the Court deems just and proper.

Dated: May 15, 2020                    Respectfully submitted,

                                       /s/ Christine H. Monahan
                                       Christine H. Monahan
                                       D.C. Bar No. 1035590

                                       /s/ Katherine Anthony
                                       Katherine Anthony
                                       D.C. Bar No. 1630524

                                       AMERICAN OVERSIGHT
                                       1030 15th Street NW, B255
                                       Washington, DC 20005
                                       (202) 869-5244
                                       christine.monahan@americanoversight.org
                                       katherine.anthony@americanoversight.org
                                       *Counsel for Plaintiff*